IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES LARKINS,<br><br>    Petitioner,<br>v.<br><br>A.P. KANE, Warden,<br><br>    Respondent. | No. C 06-6001 SBA (pr)<br><br>**ORDER DENYING**<br>**PETITION FOR WRIT OF**<br>**HABEAS CORPUS** |

## **INTRODUCTION**

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. As grounds for habeas relief Petitioner Kenneth Larkins alleges, inter alia, that trial counsel rendered ineffective assistance. For the reasons set forth below, the petition is denied.

## **BACKGROUND**

In 2003, the police stopped Petitioner after a vehicle chase. During the chase, a brown bag, later found to contain marijuana and crack cocaine, was thrown from the vehicle. As an officer was counting the money found in Petitioner's car, Petitioner said, "[B]e careful, that's a hard day's work." After a trial on charges arising from this incident, Petitioner was convicted by an Alameda Superior Court jury of possessing cocaine base for sale (Cal. Health & Safety Code § 11351.5), transporting cocaine (id. § 11352(a)), and one count of evading an officer with willful disregard for safety (Cal. Vehicle Code § 2800.2(a)). The jury also found that Petitioner had seven prior felonies. Petitioner pleaded guilty to driving under the influence (id. at 23152(a)). The trial court sentenced Petitioner to a term of thirteen years and eight months in state prison. Petitioner appealed. The California Court of Appeal for the First Appellate District affirmed the judgment. (Ans., Ex. 4 at 1-2.) The California Supreme Court denied Petitioner's petition for review and his petition for a writ of habeas

corpus. (Id., Exs. 6 & 8.) The California Court of Appeal for the First Appellate District and the Alameda Superior Court denied his habeas petitions. (Id., Ex. 7.)

As grounds for federal habeas relief, Petitioner alleges that (A) the trial court abused its discretion; (B) trial counsel rendered ineffective assistance; (C) he was selectively prosecuted; (D) the prosecutor committed misconduct; and (E) his appellate counsel rendered ineffective assistance.

## **DISCUSSION**

**I.  Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits. Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004). It is error for a federal court to review de novo a claim that was adjudicated on the merits in state court. See Price v. Vincent, 538 U.S. 634, 638-43 (2003).

The Ninth Circuit has applied section 2254(d) to a habeas petition from a state prisoner challenging the denial of parole. See Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006); Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005) (per curiam); McQuillion v. Duncan, 306 F.3d 895, 901 (9th Cir. 2002) (assuming without deciding that AEDPA deferential standard of review under § 2254 applies to such decisions).

### A. Section 2254(d)(1)

Challenges to purely legal questions resolved by a state court are reviewed under § 2254(d)(1), under which a state prisoner may obtain habeas relief with respect to a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was "contrary to" or "involved an unreasonable application of" "clearly established Federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362, 402-04, 409 (2000). While the "contrary to" and "unreasonable application" clauses have independent meaning, see id. at 404-05, they often overlap, which may necessitate examining a petitioner's allegations against both standards, see Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th Cir. 2000), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63, 70-73 (2003).

#### 1. Clearly Established Federal Law

"Clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Id. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003). If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. See, e.g., Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

The fact Supreme Court law sets forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established'" by the Supreme Court. Williams, 529 U.S. at 391. There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a

constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." Andrade, 538 U.S. at 64-65.  When only the general principle is clearly established, it is the only law amenable to the "contrary to" or "unreasonable application of" framework.  See id. at 73.

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.), cert. denied, 540 U.S. 968 (2003); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 1999).

### 2. "Contrary to"

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413.  A "run-of-the-mill state-court decision" that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Williams, 529 U.S. at 406.  Such a case should be analyzed under the "unreasonable application" prong of § 2254(d).  See Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### 3. "Unreasonable Application"

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411; accord Middleton v. McNeil, 541 U.S. 433, 436 (2004) (per

4

curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

Evaluating whether a rule application was unreasonable requires considering the relevant rule's specificity; if a legal rule is specific, the range of reasonable judgment may be narrow; if it is more general, the state courts have more leeway. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Whether the state court's decision was unreasonable must be assessed in light of the record that court had before it. Holland v. Jackson, 542 U.S. 649, 651 (2004) (per curiam).

The objectively unreasonable standard is not a clear error standard. Andrade, 538 U.S. at 75-76 (rejecting Van Tran's use of "clear error" standard); Clark, 331 F.3d at 1067-69 (acknowledging the overruling of Van Tran on this point). After Andrade,

> [T]he writ may not issue simply because, in our determination, a state court's application of federal law was erroneous, clearly or otherwise. While the "objectively unreasonable" standard is not self-explanatory, at a minimum it denotes a greater degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them.

Id. In examining whether the state court decision was unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).

**B.  Section 2254(d)(2)**

A federal habeas court may grant a writ if it concludes a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). An unreasonable determination of the facts occurs where the state court fails to consider and weigh highly probative, relevant evidence, central to petitioner's claim, that was properly presented and made part of the state court record. Taylor v. Maddox, 366 F.3d 992, 1005 (9th Cir. 2004). A district court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and

5

convincing evidence. 28 U.S.C. § 2254(e)(1).

**II.    Petitioner's Claims**

    **A.    Abuse of Discretion**

Petitioner contends that the trial court abused its discretion by (1) improperly commenting on the evidence; (2) admitting videotape evidence; (3) denying his motion for a mistrial; and (4) denying his Wheeler motion. (Pet. at 7-9.)

        **1.    Comment on the Evidence**

Petitioner contends that combined effects of the trial court's improper comment on the evidence, and then giving an ineffective admonition to the jury, violated his right to due process. (Pet. at 7.).

At trial, Arturo Gonzalez testified as an expert witness on the identification of the sale and use of cocaine and marijuana. The state appellate court summarized Gonzalez's testimony and the responses to it by the prosecutor and trial counsel as follows:

> Posing an elaborate hypothetical that summarized most of the testimonial evidence, the prosecutor first asked Gonzalez, "Would you have an opinion as to who possessed the cocaine you see in front of you?" but defense counsel interjected: "Objection. That is a completely improper hypothetical. That is utterly -- I would ask that he be admonished that it is totally improper, evasive [sic ]." The court addressed the prosecutor: "You're asking the witness to give the jury -- to give his opinion as to what the jury should find. His expertise is in sales and possession. I don't believe -- you asked under these circumstances who he believes owns or possessed the narcotics. That's ultimately the question the jury -- that's the ultimate question of this entire trial. *You may wish to be able to ask about who you believe owns the marijuana and the cigars as there is a very definite nexus to the car*. But whether the base cocaine came from the car or not is the issue the jury has to decide and not Officer Gonzalez." (Italics added.)
>
> The prosecutor adjusted: "Well, let's limit it to just the marijuana of blunts and the package of marijuana. Excuse me. Not the blunts, the cigars that were found inside of the small paper bag approximately a foot from the knit cap on the shoulder. Would you have an opinion as to who possessed -- "But defense counsel persisted: "Your Honor, I'm going to object to this on two grounds. It's still an improper hypothetical and, secondly, it is irrelevant as there are no charges regarding the marijuana in this case at all." The court overruled this second objection, and Gonzalez answered, "Yes, I do," adding, "The opinion would be that *the occupant of the vehicle that you talked about was the person in possession of that bag before it was thrown out of the vehicle*." (Italics added.) Defense counsel added: "I'm also going to object on the grounds that that is not within this officer's qualification as any kind of expert. He could only

6

> be asked a hypothetical question as an expert. I'll ask the answer be stricken." The court did not strike the answer, saying, "Of course, that's something you may wish to argue to the jury during closing but, I believe, that he's qualified in this regard."
>
> That occurred near the end of Gonzalez's testimony, and the court recessed for a long weekend, the jury to return on Tuesday. Defense counsel filed a motion for mistrial on Monday, and it was argued and denied that day, with the court agreeing to defense counsel's alternative request that the jury be instructed not to consider the opinion.
>
> Before the start of jury arguments on Tuesday, the court addressed the jury in part:    ". . . I've reconsidered one of my rulings which has to do with the opinion an expert can offer. The instruction on experts explains 'An expert is someone with special knowledge, skill, experience, training or experience whose opinion can assist the jury in an area related to the expert's expertise.'
>
> "Now, Officer Art Gonzalez rendered an opinion as a qualified expert that[,] and I quote, 'The occupant of the vehicle that -- ' and I'll insert [what] the district attorney talked about, 'was the person in possession of the bag before it was thrown out of the vehicle.' I believe I erroneously allowed this opinion to be expressed. This particular opinion of Officer Gonzalez is inadmissible and the jury is not to consider that opinion. This ruling merely says that Officer Gonzalez may not offer his opinion as to where the bag came from. He was not a witness to the event on the highway and *his expertise in drug identification, sale and use does not assist the jury in determining who may have had possession of the paper bag before it came to be found on the freeway margin*. Does everyone understand? Does anyone not understand? [Italics added.]
>
> "Okay. I've written out what I wanted to tell you. I just read to you. I've marked it and I'll introduce this as a court exhibit so that you can have this in the jury room if the issue comes up and you need to discuss it." The written instruction closely tracked the oral charge but omitted the word "not" in the part italicized above. [Footnote removed.]

(Ans., Ex. 4 at 5-7.)

The state appellate court rejected Petitioner's claims as follows. First, it found "no prejudice" in the omission of "not" in the written instruction: "the rest of the instruction so emphatically and repeatedly stressed a lack of testimonial worth that no juror could have taken the misstatement literally." Second, the state appellate court found that the "very definite nexus" comment by the trial court was an appropriate judicial comment on the evidence: "the phrase 'very definite nexus' simply meant a very definite connection, not that jurors should find true beyond a reasonable doubt that it was the same bag [Petitioner] threw out the [car] window." Third, the state court found that the trial court's remedial instructions

7

adequate, especially considering that the omission of "not" caused "no conceivable harm." In sum, the state appellate court held that:

> The evidence here was simply an improper expert opinion on existing admissible evidence -- none irrelevant or innately prejudicial -- that, as the judge explained in later removing its consideration, was not based on anything the jurors were not equipped to decide for themselves.

(Ans., Ex. 4 at 10.)

A state judge's conduct must be significantly adverse to a defendant before it violates constitutional requirements of due process and warrants federal intervention. See Garcia v. Warden, Dannemora Correctional Facility, 795 F.2d 5, 8 (2d Cir. 1986). It is not enough that a federal court disapprove of a state judge's conduct. See Duckett v. Godinez, 67 F.3d 734, 741 (9th Cir. 1995). "Objectionable as some of [a judge's] actions might be, when considered in the context of the trial as a whole they are not of sufficient gravity to warrant the conclusion that fundamental fairness has been denied." Id. (internal quotations and citation omitted)

Applying these legal principles to the instant matter, the Court concludes that Petitioner's claim is without merit. First, the trial court's comment was not significantly adverse to Petitioner in that it did not direct the jury to come to a conclusion -- i.e., that the bag was Petitioner's -- but merely stated that there was a connection between the bag and the car, as the previously presented evidence attested.[1] Second, the trial court issued a curative instruction, and, later instructed the jurors that "I have not inferred [sic] by anything I have said or done or by any question that I may have asked or by any rule I may have made to intimate or suggest what you should find to be the facts or that I believe or disbelieve any witness. If anything I've done or said seems to so indicate, you must disregard it and form your own conclusion." (Id., Ex. 2B, RT 5/19/03 at 420.) Jurors are presumed to follow the court's instructions. McNeil v. Middleton, 344 F.3d 988, 999–1000 (9th Cir. 2003).

---

[1] An officer had testified that he had seen the brown bag being thrown from Petitioner's vehicle. (Ans., Ex. 2A at 83.)

8

Petitioner has not overcome this presumption. Accordingly, the Court denies Petitioner's claim.

### 2. Admitting Videotape Evidence

Petitioner contends that the trial court violated his due process rights by admitting, over trial counsel's objection, a videotape offered by the prosecution of the route Petitioner travelled on the night the offenses occurred. (Pet. at 7.) The state appellate court did not address this claim in its written opinion. The Alameda Superior Court found that the trial court did not abuse its discretion in admitting the videotape evidence. (Ans., Ex. 6.)

The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). The due process inquiry in federal habeas review is whether the admission of evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. See Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995). However, the admission of evidence may violate due process only if there are no permissible inferences that the jury may draw from the evidence. See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991.)

Applying these legal principles to the instant matter, the Court concludes that Petitioner's claim is without merit under the standard announced in Jammal. Petitioner was charged with evading an officer with willful disregard for safety. It was permissible for the jury to infer from the videotaped reenactment that the route Petitioner travelled on, and the actions taken by Petitioner indicate that he drove with willful disregard for safety. Because this was a permissible inference, the Court concludes that the state court's adjudication was not erroneous under AEDPA. Accordingly, the Court denies this claim.

### 3. Denial of Mistrial Motion

Petitioner claims that the trial court violated his constitutional rights when it denied trial counsel's motion for a mistrial, a motion based on the allegedly improper opinion testimony of the expert witness, specifically, the witness's comment that, "The opinion would

be that the occupant of the vehicle that you talked about was the person in possession of that bag before it was thrown out of the vehicle." (Pet. at 8; Ans., Ex. 4 at 6.) As noted above, the trial court issued a curative instruction in which it told the jury that the expert's statement was inadmissible. The state appellate court found that the trial court's instruction was adequate. (Ans., Ex. 4 at 9.) The state superior court found that there was no violation of Petitioner's rights, nor did he suffer any prejudice. (Id., Ex. 6.)

A federal habeas court, however, can grant relief only if "the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process." See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). Petitioner has not shown that he was denied a fundamentally fair trial. This Court must assume that the jurors followed the trial court's instructions to disregard the expert witness's opinion. McNeil v. Middleton, 344 F.3d 988, 999–1000 (9th Cir. 2003). Based on this record, the Court denies Petitioner's claim.

### 4.     **Denial of Wheeler Motion**

Petitioner claims that the trial court violated his jury trial rights when it denied trial counsel's objections, and related motion, to the prosecution's striking two African-American females from the jury.[2] (Pet. at 9.) The state appellate court did not address this claim in its written opinion. The state superior court found that the prosecution adequately explained the race and gender neutral reasons for exercising his challenges. (Ans., Ex. 6.)

In response to the prosecutor's striking the two prospective jurors, trial counsel brought a Wheeler motion.[3] The prosecutor defended his use of the challenges. He stated that within the last five years, one of the excluded jurors had been prosecuted by his office "for drugs and a felony in this county," and had spent time in prison. (Ans., Ex. 7, RT 5/13/03 at

---

[2] Trial counsel asserted that the two females were African-American, while the prosecutor asserted that he did not believe that one of the two was African-American. (Ans., Ex. 7, RT 5/13/03 at 1 & 3.)

[3] In California, a party who believes his opponent is using his peremptory challenges to strike jurors on grounds of group bias alone may raise the point by way of a timely motion under People v. Wheeler, 22 Cal. 3d 258, 280 (1978).

1-2.) The prosecutor stated that he challenged the second juror because a "person she helped raise [has] a pending murder trial now and it involved drugs, shooting over drugs." After the prosecutor stated his reasons, trial counsel had nothing further to say on the matter. (Id. at 3.) The trial court ruled that "[t]he pattern, to the extent that there is a pattern, seems to have been justified as to the two challenges and the Court does not find that there has been an abuse of discretion on part of the People." (Id.)

The use of peremptory challenges by either the prosecution or defendant to exclude cognizable groups from a petit jury may violate the Equal Protection Clause. See Georgia v. McCollum, 505 U.S. 42, 55-56 ( 1992). In particular, the Equal Protection Clause forbids the challenging of potential jurors solely on account of their race. See Batson v. Kentucky, 476 U.S. 79, 89 (1986). Batson permits prompt rulings on objections to peremptory challenges pursuant to a three-step process. First, the defendant must make out a prima facie case that the prosecutor has exercised peremptory challenges on the basis of race "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." Id., 476 U.S. at 93-94. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Id. at 97; Wade v. Terhune, 202 F.3d 1190, 1195 (9th Cir. 2000). Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. Batson, 476 U.S. at 98; Wade, 202 F.3d at 1195.

To fulfill its duty, the court must evaluate the prosecutor's proffered reasons and credibility in light of the totality of the relevant facts, using all the available tools including its own observations and the assistance of counsel. Mitleider v. Hall, 391 F.3d 1039, 1047 (9th Cir. 2004). In evaluating an explanation of racial neutrality, the court must keep in mind that proof of discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. See Hernandez v. New York, 500 U.S. 352, 355-62 (1991). It also should keep in mind that a finding of discriminatory intent turns largely on the trial court's evaluation of the prosecutor's credibility. Rice v. Collins, 546 U.S. 333, 340-42 (2006). A federal

habeas court need not dwell on the first step of the Batson analysis if the matter has proceeded to the second or third step.  "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant has made a prima facie showing becomes moot."  Hernandez, 500 U.S. at 359.

The findings of the state trial court on the issue of discriminatory intent are findings of fact entitled to the presumption of correctness in federal habeas review, see Purkett v. Elem, 514 U.S. 765, 769 (1995), as are the findings of the state appellate court.  See Mitleider, 391 F.3d at 1050); Williams v. Rhoades, 354 F.3d 1101, 1108 (9th Cir. 2004).  Under AEDPA, this means that a state court's findings of discriminatory intent are presumed sound unless the petitioner rebuts the presumption by clear and convincing evidence.  Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (citing 28 U.S.C. § 2254(e)(1)).  The petitioner must show that the state court's conclusion is "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  Id. ( citing 28 U.S.C. § 2254 (d)(2)).  A federal habeas court may grant habeas relief only "if it was unreasonable to credit the prosecutor's race-neutral explanations for the Batson challenge."  Rice, 546 U.S. at 338- 41.

Applying these legal principles to the instant matter, the Court concludes that Petitioner's claim is without merit.  The Court need not consider the first step of the Batson analysis, because the prosecutor offered a racially-neutral explanation for the two peremptory challenges at issue and the trial court ruled on the ultimate question of intentional discrimination. With respect to the second Batson step, the Court finds no evidence that would support a finding that the prosecutor's stated reasons were racially discriminatory or otherwise constitutionally offensive.  As to the third Batson step which queries whether there was intentional discrimination, Petitioner has not shown clear and convincing evidence to rebut the presumption that the trial court's determination was correct, or shown why this Court should disagree with the trial court's credibility determination in favor of the prosecutor.  Based on this record, the Court denies Petitioner's claim.

### B. Effectiveness of Trial Counsel

Petitioner contends that his trial counsel rendered ineffective assistance by failing to (1) move to dismiss the information; (2) move to dismiss two counts on the grounds that there was insufficient evidence to support conviction; and (3) move for an acquittal after the verdict was delivered. (Pet. at 9.) The state appellate court did not address this claim in its written opinion. The state superior court found that trial counsel "adequately and professionally represented" Petitioner. (Ans., Ex. 6.)

Claims of ineffective assistance of counsel are examined under Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, a petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at 687–68. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Where the defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. It is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the Strickland test if the petitioner cannot even establish incompetence under the first prong. See Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).

#### 1. Failure to Move to Dismiss the Information

Petitioner's claim that trial counsel rendered ineffective assistance by failing to move to dismiss the information under Cal. Pen. Code § 995 is without merit. Specifically, because sufficient evidence was presented at the preliminary hearing to demonstrate probable cause to

defeat a motion made under section 995,[4] Petitioner has not shown that trial counsel's failure to file a motion to dismiss was a deficient performance. At the preliminary hearing, the trial court heard testimony from several eyewitnesses to the events, including their observations of Petitioner's failure to yield to police sirens, and the presence of illegal drugs in a paper bag that police had observed being thrown from Petitioner's vehicle. Petitioner has not shown that a motion to dismiss an information supported by such evidence would have been granted. Furthermore, because Petitioner has failed to show that such a motion would have been granted, he has not shown that he suffered prejudice; that is, that there was a reasonable probability that the outcome of the proceeding would have been different. Accordingly, the Court denies Petitioner's claim.

### 2. Failure to Move to Dismiss Two Counts

Petitioner claims that trial counsel rendered ineffective assistance when he failed to move to dismiss the charges of possession of cocaine and transportation of cocaine based on insufficient evidence. (Pet. at 9-10.)

A federal habeas court does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" See id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. See Jackson, 443 U.S. at 324.

Petitioner's claim is without merit because evidence existed to support the charges.

---

[4] Under section 995, a criminal defendant can move to dismiss an indictment or information if the defendant has not been indicted or committed without reasonable or probable cause. "'Reasonable or probable cause' means such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused." People v. Mower, 28 Cal. 4th 457, 473 (2002) (internal citations removed).

14

Evidence was presented at trial that while being chased by the police, Petitioner threw from the car a bag containing cocaine, and that the police recovered fifty small bags from Petitioner's vehicle. From this evidence, a rational trier of fact could have found beyond a reasonable doubt that Petitioner possessed cocaine, and that he was in fact transporting it, as indicates by his throwing the brown bag containing cocaine from a moving vehicle, his possession of the baggies in which drugs could be packaged, and his statement that the money found in the vehicle represented "a hard day's work." Petitioner has not shown that had trial counsel made a motion to dismiss, that it would have been granted, or even likely to have been granted. Based on Petitioner's failure to make such a showing, and the evidence that supported the charges, the Court concludes that Petitioner has failed to show either that trial counsel's performance was deficient or that but for this alleged deficiency, there was a reasonable probability that the outcome would have been favorable to Petitioner. Accordingly, the Court denies Petitioner's claim.

### 3. Failure to Move for Acquittal

Petitioner's claim that trial counsel rendered ineffective assistance by failing to move for an acquittal after the verdict had been announced is without merit. As with the above claims, Petitioner has not shown that trial counsel's performance was deficient or that his actions or inactions resulted in prejudice. Evidence was presented at trial on which a rational trier of fact could have found guilt beyond a reasonable doubt. Petitioner has not presented any evidence that counters that presented at trial, or presented any defenses or immunities available to him -- in short, nothing that would support acquittal. Considering Petitioner's failure in this regard, coupled with the admissible evidence presented at trial, the Court must deny Petitioner's claim.

## C. Selective Prosecution

Petitioner claims that the prosecutor's having brought charges against him relating to the cocaine possession and not having brought charges against Petitioner related to the marijuana constituted selective prosecution. (Pet. at 10.) Petitioner questions why the prosecutor chose to bring charges that were more difficult to prove (i.e., the cocaine related

15

charges) as opposed to the less complex charge of marijuana possession. (Id.) The state appellate court did not address this claim in its written opinion, but the state superior court found that this claim lacked merit. (Ans., Ex. 6.)

A selective prosecution claim is not a defense on the merits to the criminal charge itself, but is an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. See United States v. Armstrong, 517 U.S. 456, 463 (1996). Although the decision whether to prosecute and what charges to bring generally rests entirely in the prosecutor's discretion, this discretion is subject to constitutional constraints. See id. at 464. One of these constraints is that the prosecutorial decision may not violate equal protection by resting on "'an unjustifiable standard such as race, religion, or other arbitrary classification.'" Id. (citation omitted).

Courts presume that prosecutors have properly discharged their official duties. See id. In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "'clear evidence to the contrary.'" Id. (citation omitted). Unsupported allegations of selective prosecution are not enough. See United States v. Davis, 36 F.3d 1424, 1433 (9th Cir. 1994).

Applying these legal principles to the instant matter, the Court concludes that Petitioner's claim is without merit. Petitioner has not pointed to any evidence that the prosecutor's decision to bring certain charges and not others was based on reasons forbidden by the Constitution. Rather, Petitioner questions what appears to him to be a curious prosecution decision, which may have been based on any number of constitutionally permissible considerations. Therefore, Petitioner has not overcome the presumption that the prosecutor properly discharged his official duties. Accordingly, the Court denies Petitioner's claim.

**D.    Prosecutor's Remarks**

Petitioner claims that the prosecutor made several constitutionally improper remarks regarding the brown bag, and a knit cap police found nearby the bag, in his closing argument.

16

(Pet. at 11.) "One such remark evolved [sic] around telling the jury that [Petitioner] was seen in his vehicle with the knit cap in the car prior to tossing it out of the window along with the brown paper bag. The prosecutor improperly told the jury that 'both' items were broadcasted over the police channels, and that the [officers] on the scene saw the two objects come out of the car." (Id.) The state appellate court did not address this claim in its written opinion. The state superior court that there were no instances of prosecutorial misconduct, and that if there were Petitioner suffered no prejudice. (Ans., Ex. 6.)

A defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair." Darden v. Wainwright, 477 U.S. 168, 181 (1986). Under Darden, the first issue is whether the prosecutor's remarks were improper; if so, the next question is whether such conduct infected the trial with unfairness. Tan v. Runnels, 413 F.3d 1101, 1112 (9th Cir. 2005). A prosecutorial misconduct claim is decided "on the merits, examining the entire proceedings to determine whether the prosecutor's remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Johnson v. Sublett, 63 F.3d 926, 929 (9th Cir. 1995) (citation omitted).

Petitioner's claim is without merit because he has failed to show that the comments were impermissible. Nor has he shown that these allegedly impermissible statements infected the trial with unfairness. First, any statements about the knit cap cannot have been impermissible because the cap was irrelevant to the issue of Petitioner's guilt or innocence. The only relevance of the cap is that it was found near the brown bag. Second, it was constitutionally permissible for the prosecutor to state that an officer saw the brown bag being thrown from the car because evidence was presented at trial that a police officer did indeed observe that exact event. (Ans., Ex. 2A at 83.) Third, as to the prosecutor's description of Petitioner "reaching around in the car, putting the bag together waiting for an opportune time to the brown bag contained drugs," the Court concludes that Petitioner has not shown why this comment was impermissible. The prosecutor was simply providing a narrative of events based on the evidence presented -- it is reasonable to assume that before the bag was thrown

from the vehicle that Petitioner was preparing to throw the bag containing contraband drugs from the car. Based on this record, the Court denies Petitioner's claim.

### E. Effectiveness of Appellate Counsel

Petitioner claims that his appellate counsel rendered ineffective assistance by failing to raise on appeal the trial court and prosecutorial misconduct issues discussed above, or the ineffective assistance of counsel claims, which were also discussed above. (Pet. at 11-12.)

Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in Strickland v. Washington, 466 U.S. 668 (1984). Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir. 1986). A defendant therefore must show that counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Miller, 882 F.2d at 1434 & n.9 (citing Strickland, 466 U.S. at 688, 694; Birtle, 792 F.2d at 849).

Applying these legal principles to the instant matter, the Court finds that Petitioner's claim is unavailing. As discussed above, the Court has found that these underlying claims are without merit. Because these claims are without merit, appellate counsel's failure to present them on appeal cannot constitute a deficient performance. Furthermore, because Petitioner has failed to show that these claims have merit, he has failed to show that he was prejudiced by appellate counsel's failure to present them on appeal. Accordingly, the Court denies Petitioner's claim.

### **CONCLUSION**

The Court concludes that the state court's determinations were neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, nor can the Court say they were based on an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is DENIED as to all claims. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: 8/31/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. LARKINS, | Case Number: CV06-06001 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| A.P. KANE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 31, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth James Larkins V-03195
California State Prison
Conservation Camp
13575 Empire Grade
Santa Cruz, CA 95060

Dated: August 31, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Larkins001.hc.md.frm              20